# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ABBY MARTIN,                            )
                                       )
    Plaintiff,                     )
                                       )        CIVIL ACTION NO.
v.                                     )        1:20-cv-00596-MHC
                                       )
STEVE WRIGLEY, Chancellor for the      )
Board of Regents of the University System )
of Georgia, in his official capacity, and )
KYLE MARRERO, President of Georgia     )
Southern University, in his official capacity, )
                                       )
    Defendants.                    )
_____)

## ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Steve Wrigley and Kyle Marrero ("Defendants"), through counsel, submit their answer and defenses Plaintiff's First Amended Complaint (Doc. 26) (the "Complaint"), as follows:

## FIRST DEFENSE

Plaintiff lacks standing to bring some or all of her claims.

## SECOND DEFENSE

This action fails, in whole or in part, for lack of subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis that an individual defendant sued in his or her official capacity is not a "person" subject to suit under 42 U.S.C. §1983.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or fraud.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SEVENTH DEFENSE

Plaintiff is not entitled to monetary or equitable relief because she has not suffered a violation of a Federal right.

### EIGHTH DEFENSE

Plaintiff's claims against the Defendants fail, in whole or in part, because the Defendants did not deprive Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this case. Subject to and without waiving any of the foregoing defenses, Defendants respond to the allegations in the Complaint as follows:

Responding to the first paragraph of the Complaint, which is unnumbered, Defendants admit that Plaintiff Abby Martin filed the Complaint against them and admit that the Complaint "alleges violation of the First and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983." Defendants deny the remaining allegations of this paragraph, including any allegation that Defendants, or either of them, violated Plaintiff's rights.

## INTRODUCTION

1.   To the extent the allegations in this paragraph purport to quote or characterize a United States Supreme Court case, no response is required. To the extent a response is required, Defendants respond that the case speaks for itself and deny any allegation inconsistent with the case. The remaining allegations in this paragraph amount to legal conclusions which do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny the allegations.

2.      The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

3.      Defendants admit that on or about April 26, 2016, the Governor of Georgia signed Senate Bill 327, which, once enacted, added § 50-5-85 to Chapter 5 of Title 50 of the Official Code of Georgia Annotated. The remaining allegations of this paragraph amount to legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

5.      Defendants admit that a Georgia Southern University ("GSU") employee or employees sent Plaintiff an email in July 2019 inviting her to act as keynote speaker at GSU's 2020 International Critical Media Literacy Conference and that Plaintiff responded by email indicating she accepted the invitation. Defendants admit further that Plaintiff was thereafter sent, via email, a draft Memorandum of Agreement and that Plaintiff's response to the email contained the statements, "As I'm sure you know, a lot of my work advocates the boycott of

Israel" and "I cannot sign any form promising to not boycott Israel." The remaining allegations in this paragraph purport to characterize the draft Memorandum of Agreement, which is a written document which speaks for itself, and Defendants deny any allegations inconsistent with that document.

6.     Defendants deny the allegations in this paragraph.

7.     Defendants admit that the 2020 International Critical Media Literacy Conference was cancelled after Plaintiff indicated she would not sign the proposed Memorandum of Agreement.

8.     This paragraph is comprised of legal conclusions which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

## PARTIES

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

10.     Defendants admit the allegations in this paragraph.

11.     Defendants admit that Plaintiff purports to sue defendant Wrigley in his official capacity and admit the remaining allegations in this paragraph.

12.     Defendants admit that Bonnie Overstreet served as a Conference Services Manager at GSU at times relevant to the Complaint and that, in such capacity, she communicated with Plaintiff regarding a draft Memorandum of Agreement for the 2020 International Critical Media Literacy Conference. Defendants deny the remaining allegations in this paragraph.

13.     Defendants admit that Michel Blitch served as a Conference Services Coordinator at GSU at times relevant to the Complaint and that, in such capacity, her name appeared on communications with Plaintiff regarding a draft Memorandum of Agreement for the 2020 International Critical Media Literacy Conference. Defendants deny the remaining allegations in this paragraph.

14.     Defendants admit that Sandra Lensch served as a Conference Services Specialist at GSU at times relevant to the Complaint and that, in such capacity, her name appeared on communications with Plaintiff regarding a draft Memorandum of Agreement for the 2020 International Critical Media Literacy Conference. Defendants deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

15.     Defendants admit the allegations in this paragraph.

16.     This paragraph is comprised of legal conclusions which do not require a response. To the extent a response is required, Defendants admit that 28 U.S.C.

§§ 2201 and 2202 concern declaratory relief and deny that Plaintiff is entitled to any such relief in this action.

17.     Defendants admit that defendant Wrigley oversees the University System of Georgia, which includes GSU, and that the University System of Georgia has offices located in Atlanta, Georgia. Defendants respond further that allegations concerning the residences of the individual-capacity defendants, all of whom have been dismissed from this action, do not pertain to Defendants and, therefore, no response is required. The remaining allegations in this paragraph amount to legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

18.     Defendants deny the allegations in this paragraph as pled. Defendants admit that the United States District Court for the Northern District of Georgia is a proper venue for this case, in its present posture, pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

19.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

20.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

21.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

22.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

23.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

24.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

25.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

26.     The allegations in this paragraph do not pertain to Defendants and, therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

27.     Defendants deny that Georgia "adopted a law aimed at suppressing the Boycott, Divestment, and Sanctions movement by punishing and excluding those who support it." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the allegations.

28.     Defendants deny the allegations in this paragraph.

29.     Defendants admit that, in 2019, then Governor Nathan Deal signed SB 327. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph and, therefore, deny the allegations.

30.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

31.   This paragraph is comprised of legal conclusions and allegations which purport to characterize the language of SB 327 and, therefore, no response is required. To the extent a response is required, Defendants respond that SB 327 speaks for itself and deny any assertions inconsistent with the Bill.

32.   This paragraph is comprised of legal conclusions and allegations which purport to characterize the language of O.C.G.A. § 50-5-85 and, therefore, no response is required. To the extent a response is required, Defendants respond that O.C.G.A. § 50-5-85 speaks for itself and deny any assertions inconsistent with the statute.

33.   This paragraph is comprised of legal conclusions and allegations which purport to characterize the language of SB 327 and, therefore, no response is required. To the extent a response is required, Defendants respond that SB 327 is a written document which speaks for itself and deny any assertions inconsistent with the Bill.

34.     This paragraph is comprised of legal conclusions and allegations which purport to characterize the language of SB 327 and, therefore, no response is required. To the extent a response is required, Defendants respond that SB 327 is a written document which speaks for itself and deny any assertions inconsistent with the Bill.

35.     This paragraph is comprised of legal conclusions and allegations which purport to characterize the language of SB 327 and, therefore, no response is required. To the extent a response is required, Defendants respond that SB 327 is a written document which speaks for itself, deny any assertions inconsistent with the Bill, and deny that it violates the First Amendment or any other federal or state provision or right.

36.     Defendants admit that GSU was set to host the International Critical Media Literacy Conference in 2020 in Savannah, Georgia, that the conference was held annually for several years prior to 2020, and that the conference has been described as being "designed to aid current educational leaders, future teachers, youth, and other concerned citizens in their understanding of mass media and its impact on events that shape our daily lives." Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, therefore, deny the same.

37.     Defendants admit that numerous academics from various states have attended the International Critical Media Literacy Conference in the past and that the webpage for the 2020 International Critical Media Literacy Conference contains the statement: "Promoting critical media literacy is essential in excavating social inequalities and fostering participatory democracy during the 21st century." Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, therefore, deny the same.

38.     Defendants admit that a GSU employee or employees sent an email to Plaintiff in or around July 2019, inviting her to act as keynote speaker at the 2020 International Critical Media Literacy Conference and indicating that details of a "speaker package" would be provided should she accept the invitation. Defendants respond further that the referenced email is a written document which speaks for itself and deny any allegations inconsistent with the written document. Defendants admit that the proposed "speaker package" included an honorarium and limited accommodation and travel expenses. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is "an independent journalist whose work is broadly critical of US policies as well as US media practices" and, therefore, deny the allegation.

39.     Defendants admit the allegation in this paragraph.

40.    Defendants deny that Dr. William Reynolds "wrote to others on the conference committee" "[o]n July 26, 2020." Defendants respond further by admitting that, at times relevant to the Complaint, Dr. William Reynolds was a professor at GSU and a co-chair of the International Critical Media Literacy Conference and that, on or about July 26, 2019, he sent an email to members of the conference committee which included the language, "We are excited that Abby Martin will be the Key Note Speaker at the 2020 ICML Conference. We will officially announce this soon but I thought I would give you all advanced notice. I want to thank Derek for helping out with this fantastic Key Note." Defendants respond further that the referenced email is a written document which speaks for itself and deny any allegations inconsistent with the written document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny such allegations.

41.    Defendants admit that some planning for the 2020 International Critical Media Literacy Conference occurred, which included work on or discussion of matters such as hotel contracts, budgeting, marketing, and registration. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and, therefore, deny such allegations.

42.     Defendants admit that, on or about September 11, 2019, an email was sent to Plaintiff from GSU employees Bonnie Overstreet, Michel Blitch, and/or Sandra Lensch to which a Supplier Authorization Form and a draft Memorandum of Agreement were attached. The remaining allegations in this paragraph purport to characterize the contents of the email, Supplier Authorization Form, and draft Memorandum of Agreement. Defendants respond that these are written documents which speak for themselves and deny any allegations inconsistent with these written documents.

43.     Defendants admit that, on or about September 18, 2019, an email was sent to Plaintiff from GSU employee(s) Bonnie Overstreet, Michel Blitch, and/or Sandra Lensch which included the language, "… we wanted to draw your attention [to] legal language that the University and State of Georgia require us to include in any payment agreements over $1,000. The line reads as follows: You certify that you are not currently engaged in, and agree for the duration of this agreement not to engage in, a boycott of Israel, as defined in O.C.G.A. Section 50-5-85." Defendants respond further that the referenced email is a written document which speaks for itself and deny any allegations inconsistent with the written document. Defendants deny any remaining allegations in this paragraph.

44.     Defendants deny as written the allegation in this paragraph. Defendants respond further by admitting that an email sent to Plaintiff on or about September 18, 2019, from GSU employee(s) Bonnie Overstreet, Michel Blitch, and/or Sandra Lensch contained the statement, "If this language is acceptable, we will finalize the document and submit it to University Legal for approval once we receive your Supplier Authorization Form, which can be filled out electronically." Defendants respond further that the referenced email is a written document which speaks for itself and deny any allegations inconsistent with the written document.

45.     Defendants admit that, on or about September 18, 2019, GSU employees Bonnie Overstreet, Michel Blitch, and/or Sandra Lensch received a response to their email of the same date from Plaintiff which contained the language, "As I'm sure you know, a lot of my work advocates the boycott of Israel, and my new film features that call to action. I cannot sign any form promising to not boycott Israel, what do you advise I do?" Defendants respond further that the referenced emails are written documents which speak for themselves and deny any allegations inconsistent with the written documents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny such allegations.

46.     Defendants admit that, on or about September 18, 2019, Bonnie Overstreet forwarded Plaintiff's email of the same date to Dr. William Reynolds, stating, "This was Abby's reply. We will await your response for the new Keynote." Defendants respond further that the referenced emails are written documents which speaks themselves and deny any allegations inconsistent with the written documents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny such allegations.

47.     Defendants admit that GSU did not enter into a contract with Plaintiff with respect to the 2020 International Critical Media Literacy Conference. Defendants deny the remaining allegations in this paragraph.

48.     Defendants admit that, on or about September 19, 2019, Dr. William Reynolds forwarded to conference co-chair Dr. Bradley Porfilio an email chain which included email exchanges between Plaintiff and Bonnie Overstreet, and that Dr. Reynold's email included the statement, "Here is Abby's response looks like we need to look for another Keynote speaker." Defendants respond further that the referenced emails are written documents which speak for themselves and deny any allegations inconsistent with the written documents.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "the co-chairs then drafted an email to be send [sic] to the conference committee" and, therefore, deny the allegation. Defendants respond further by admitting that, on or about September 19, 2019, Dr. William Reynold sent an email to conference co-chair Dr. Bradley Porfilio which purports to contain a draft email to the conference committee and invites Dr. Porfilio to edit the draft. Defendants respond further that the referenced email is a written document which speaks for itself and deny any allegations inconsistent with the written document.

50.     Defendants admit the allegations in this paragraph.

51.     Defendants admit that on or about January 13, 2020, GSU Provost and Vice President of Academic Affairs Dr. Cal Reiber sent an email on which he copied Diane Badakhsh, Director of GSU's Division of Continuing Education, and Amy Heaston, Interim Dean of the College of Education, which included the question, "Can I get more details on the conference that was canceled due to the state law on Israel?" Defendants respond further that the email is a written document which speaks for itself and deny any allegations inconsistent with the written document.

52.    Defendants admit that, on or about January 14, 2020, Bonnie Overstreet responded to an email received from Dr. Carl Reiber and that such response contained the statements, "The International Media Conference was canceled due to Georgia's Anti-Boycott Law" and "When Abby was informed of the law she stated she could not sign promising not to boycott Israel." Defendants respond further that the email is a written document which speaks for itself and deny any allegations inconsistent with the written document.

53.    Defendants deny the allegations in this paragraph.

54.    Defendants admit that Plaintiff was not paid an honorarium or travel reimbursement by GSU in connection with the 2020 International Critical Media Literacy Conference. Defendants deny any remaining allegations in this paragraph.

55.    Defendants deny the allegations in this paragraph.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

**FIRST CAUSE OF ACTION**

57.    Defendants incorporate their responses to paragraphs 1-56 of the Complaint as if fully set forth herein.

58.    Defendants admit that the First Amendment to the United States Constitution provides, in part, that "Congress shall make no law … abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Defendants deny any allegation inconsistent with that Constitutional provision and interpretive case law and deny any remaining allegation in this paragraph, including any allegation that Plaintiff's First Amendment rights were violated.

59.    Defendants admit that the First Amendment to the United States Constitution protects the rights of free speech, assembly, and press and that such protections are made applicable to the states through the Fourteenth Amendment. Defendants deny any allegation inconsistent with these Constitutional provisions and interpretive case law and deny any remaining allegation in this paragraph, including any allegation that Plaintiff's First or Fourteenth Amendment rights were violated.

60.    This paragraph is comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

61.    To the extent the allegations in this paragraph purport to quote from or characterize a United States Supreme Court opinion, no response is required. To

the extent a response is required, Defendants respond that the opinion is a written document which speaks for itself and deny any allegation inconsistent with the opinion. The remaining allegations in this paragraph are comprised of legal conclusions and allegations which do not pertain to Defendants. Accordingly, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the allegations.

62.    Defendants admit that the First Amendment to the U.S. Constitution protects the rights of free speech, assembly, and press and deny any allegation inconsistent with that Constitutional provision and interpretive case law. Defendants deny any remaining allegation in this paragraph, including any allegation that Plaintiff's First Amendment rights were violated.

63.    Defendants deny the allegations in this paragraph.

64.    Defendants deny the allegations in this paragraph.

65.    Defendants deny the allegations in this paragraph.

66.    Defendants deny the allegations in this paragraph.

67.    Defendants deny the allegations in this paragraph.

68.    Defendants deny the allegations in this paragraph.

69.    Defendants deny the allegations in this paragraph.

70.     Defendants deny the allegations in this paragraph.

71.     Defendants deny the allegations in this paragraph.

72.     Defendants deny the allegations in this paragraph.

73.     Defendants deny the allegations in this paragraph.

74.     Defendants deny the allegations in this paragraph.

75.     Defendants deny the allegations in this paragraph.

76.     Defendants deny the allegations in this paragraph.

77.     Defendants deny the allegations in this paragraph.

78.     Defendants deny the allegations in this paragraph.

79.     Defendants deny the allegations in this paragraph.

80.     Defendants deny the allegations in this paragraph.

81.     Defendants deny the allegations in this paragraph.

82.     Defendants deny the allegations in this paragraph.

83.     Defendants deny the allegations in this paragraph.

84.     Defendants deny the allegations in this paragraph.

85.     Defendants deny the allegations in this paragraph.

86.     Defendants deny the allegations in this paragraph.

87.     Defendants deny the allegations in this paragraph.

88.     Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION

89.     Defendants incorporate their responses to paragraphs 1-88 of the Complaint as if fully set forth herein.

90.     Defendants admit that the Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law…." Defendants deny any allegation inconsistent with that Constitutional provision and interpretive case law and deny any remaining allegation in this paragraph, including any allegation that Plaintiff's Fourteenth Amendment rights were violated.

91.     The allegations in this paragraph purport to quote from an opinion of the United States Supreme Court and, therefore, no response is required. To the extent a response is required, Defendants respond that the opinion is a written document which speaks for itself and deny any allegation inconsistent with the opinion.

92.     To the extent the allegations in this paragraph purport to quote from an opinion of the United States Supreme Court, no response is required. To the extent a response is required, Defendants respond that the opinion is a written

document which speaks for itself and deny any allegation inconsistent with the opinion. The remaining allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

93.    To the extent the allegations in this paragraph purport to quote from an opinion of the United States Supreme Court, no response is required. To the extent a response is required, Defendants respond that the opinion is a written document which speaks for itself and deny any allegation inconsistent with the opinion. The remaining allegations in this paragraph are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

94.    Defendants deny the allegations in this paragraph.

95.    Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in the listed sub-paragraphs A through I and in this action generally.

## GENERAL DENIAL

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiff on all claims, that Plaintiff take nothing from Defendants, that Defendants be awarded and Plaintiff assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

CHRISTOPHER M. CARR      112505
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

ROGER A. CHALMERS      118720
Senior Assistant Attorney General

/s/*Deborah Nolan Gore*
DEBORAH NOLAN GORE      437340
Assistant Attorney General

PLEASE SERVE:

Deborah Nolan Gore
40 Capitol Square, S.W
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
Facsimile:  (404) 651-6920
dgore@law.ga.gov

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1, I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

*/s/ Deborah Nolan Gore*
DEBORAH NOLAN GORE
Georgia Bar No. 437340

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

This 25th day of June, 2021.

_/s/ Deborah Nolan Gore_
DEBORAH NOLAN GORE

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
Telephone: (404) 458-3289
Facsimile:  (404) 651-6920
dgore@law.ga.gov