IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABBY MARTIN,<br>Los Angeles County, California,<br><br>    Plaintiff,<br><br>v.<br><br>SONNY PERDUE, Chancellor for the Board of Regents of the University System of Georgia, in his Official Capacity; and KYLE MARRERO, President of Georgia Southern University, in his Official Capacity,<br><br>    Defendants.[1] | CIVIL ACTION FILE<br><br>NO. 1:20-CV-596-MHC |

**ORDER**

---

[1] Plaintiff originally sued Steve Wrigley in his official capacity as Chancellor of the University System of Georgia, First Am. Compl. [Doc. 26] ¶ 11, but Mr. Wrigley no longer serves in that position, which was assumed by Sonny Perdue effective April 1, 2022.  See Chancellor, UNIV. SYS. OF GA., https://www.usg.edu/chancellor/ (last accessed June 30, 2022).  Accordingly, Sonny Perdue is automatically substituted as a party in his official capacity pursuant to Federal Rule of Civil Procedure 25(d), and the Clerk is **DIRECTED** to substitute Sonny Perdue, in his official capacity as Chancellor of the Board of Regents of the University System of Georgia, in place of Steve Wrigley as a party defendant in this case.

On July 28, 2020, Plaintiff Abby Martin ("Martin") filed her First Amended Complaint alleging that Georgia Senate Bill 327 ("SB 327"), previously codified as O.C.G.A. § 50-5-85, and which became effective on May 9, 2017, violated the First and Fourteenth Amendments of the United States Constitution by impermissibly infringing upon her rights to freedom of speech, freedom of association, and due process. First Am. Compl. At the time of Martin's lawsuit, O.C.G.A. § 50-5-85 provided, in pertinent part, as follows:

> The state shall not enter into a contract with an individual or company if the contract is related to construction or the provision of services, supplies, or information technology unless the contract includes a written certification that such individual or company is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel.

Martin previously was selected as a keynote speaker at a 2020 conference to be hosted by Georgia Southern University ("GSU"), but was then presented with an agreement for engagement which required her to certify that she was "not currently engaged in, and agree[d] for the duration of this agreement not to engage in, a boycott of Israel" as defined in SB 327. First Am. Compl. ¶¶ 5, 43. Martin refused to do so, and she was prevented from speaking at the conference, for which she would have received a $1,000 honorarium. Id. ¶¶ 5-7, 50, 52.

Aside from suing the Chancellor of the University System of Georgia and the President of GSU in their official capacities, Martin also sued three GSU conference services public officials in their individual capacities. Id. ¶¶ 12-14. On September 15, 2020, Defendants moved to dismiss the First Amended Complaint [Doc. 37]. On May 21, 2021, this Court granted in part and denied in part the motion to dismiss. Martin v. Wrigley, 540 F. Supp. 3d 1220 (N.D. Ga. 2021). The Court granted the motion with respect to Martin's claims against the three GSU employees in their individual capacities based upon qualified immunity (dismissing them as Defendants) but denied the motion as to the Chancellor and the GSU President, finding that Martin stated a claim that O.C.G.A. § 50-5-85, as then codified, violated Martin's First and Fourteenth Amendment rights to freedom of speech and assembly and right to due process. Id. at 1225-1234.

On July 1, 2022, an amendment to O.C.G.A. § 50-5-85 became effective. Ga. Laws 2022, Act 515, eff. July 1, 2022 (the "Amendment"). As amended, O.C.G.A. § 50-5-85 now states, in pertinent part:

> The state shall not enter into a contract valued at $100,000.00 or more with a company if the contract is related to construction or the provision of services, supplies, or information technology unless the contract includes a written certification that such company is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel.

O.C.G.A. § 50-5-85(b) (emphasis added).  In addition, the statute now defines "company" as "any organization, association, corporation, partnership, joint venture, limited partnership, limited liability partnership, limited liability company, or other entity or business association which employs more than five persons but excludes individuals and sole proprietorships . . . ."  O.C.G.A. § 50-5-85(a)(2) (emphasis added).

The Amendment effectively repeals the application of the prior challenged statute to all individuals.  Consequently, it would appear than Martin no longer has standing to challenge the existing statute.  "[A] court *sua sponte* can raise a jurisdictional defect at any time."  Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).  Article III of the United States Constitution expressly limits federal jurisdiction to "cases and controversies" and does not permit federal courts to issue advisory opinions.  Miller v. F.C.C., 66 F.3d 1140, 1145 (11th Cir. 1995) (citing Flast v. Cohen, 392 U.S. 83, 94-96 (1968)).  "To have a case or controversy, a litigant must establish that [s]he has standing," United States v. Amodeo, 916 F.3d 967, 971 (11th Cir. 2019), which requires the litigant to show (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).  The three components form an "irreducible constitutional

minimum." Id. at 560. "The party invoking federal jurisdiction bears the burden of establishing these elements," which, at the initial pleading stage, may be established based on "general factual allegations of injury." Id. at 561.

In addition, it appears to the Court that the Amendment moots the present controversy. The Supreme Court has frequently held that the repeal of or amendment to challenged legislation can render moot a plaintiff's request for injunctive relief. See, e.g., Lewis v. Cont'l Bank Corp., 494 U.S. 472, 474 (1990) (holding that a Commerce Clause-based challenge to Florida banking statutes was rendered moot by amendments to the law); Massachusetts v. Oakes, 491 U.S. 576, 582-83 (1989) (holding that an overbreadth challenge to a child pornography law was rendered moot by amendment to the statute); Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (per curiam) (holding that the challenge to a university regulation was moot because the regulation had been substantially amended); Kremens v. Bartley, 431 U.S. 119, 128-29 (1977) (holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a different statute); Diffenderfer v. Cent. Baptist Church, Inc., 404 U.S. 412, 415 (1972) (holding moot a challenge to a Florida tax exemption for church property when the law has been repealed). See also Ne. Fla. Chapter of Associated Gen. Contractors

of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 670 (1993) (O'Connor, J., dissenting) ("[W]hen the challenged law is revised so as plainly to cure the alleged defect, ... there is no live controversy for the Court to decide.  Such cases functionally are indistinguishable from those involving outright repeal: Neither a declaration of the challenged statute's invalidity nor an injunction against its future enforcement would benefit the plaintiff, because the statute no longer can be said to affect the plaintiff.").

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Abby Martin **SHOW CAUSE IN WRITING** within ten (10) days of the date of this Order[2] why this case should not be dismissed for lack of standing and/or mootness.[3]

**IT IS SO ORDERED** this 1st day of July 2022.

_____
MARK H. COHEN
United States District Judge

---

[2] The time for Martin to respond to Defendants' Motion to Dismiss for Mootness [Doc. 71] is **STAYED** until further Order of this Court.

[3] The Court notes that Martin's damage claim is no longer pending given the prior dismissal of the GSU Defendants in their individual capacities.