UNITED STATES DISTRICT COURT
DISTRICT OF GEORGIA
NORTHERN DIVISION

ABBY MARTIN

    Plaintiff,

v.

STEVE WRIGLEY, *et al.*

    Defendants.

Case No.  1: 20-cv-00596-MHC

**PLAINTIFF'S RESPONSE TO THE COURT'S
JULY 1ST SHOW CAUSE ORDER**

Plaintiff hereby files her response to the Court's Order to Show Cause as to why her remaining injunctive claims "should not be dismissed for lack of standing and/or mootness." (Dkt. 72). While Plaintiff acknowledges that existing law may require this Court to dismiss her suit as moot, Ms. Martin asserts in good faith for a change of law. To that end, Plaintiff argues that, given the as-amended law's clear purpose to chill participation in the public debate about Palestine and Israel that Ms. Martin still reports on and participates in, she remains affected by the law. So, Plaintiff's standing persists. And, even if Georgia's decision to amend the anti-BDS law moots Ms. Martin's injunctive claims, the voluntary cessation doctrine ought to apply where the government changed the law in bad faith to avoid adjudication.

## ARGUMENT

Under existing law, when a legislative body changes a challenged law, the mootness question's "key inquiry" is whether the lawmaking body "will reverse course." *Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia*, 868 F.3d 1248, 1256 (11th Cir. 2017). This Court explained in its July 1st Order that the Amendment "effectively repeals the application of the prior challenged statute to all individuals," including Ms. Martin, noting the many cases where a change in law "render[s] moot a plaintiff's request for injunctive relief." Dkt. 72 at 5. This categorical approach to legislative changes, however, should be abandoned.

Here, the jurisprudential focus on the possibility of a legislative flip-flop in the future rewards the government's "attempt to manipulate [the Court's] jurisdiction" by exempting individuals and very small businesses from a law that otherwise continues as it was before. *Flanigan's* at 1256. Indeed, even with the exception that spares individuals like Ms. Martin from the anti-BDS oaths still required from others, the State's amendment embraces the substance of the law. The amendment does not reflect "a rejection of the challenged conduct that is both permanent and complete," creating the likelihood that the State may return the law to its original parameters. *Id.* This effort to manipulate jurisdiction on one hand while standing by their claims that anti-BDS oaths are lawful on the other are two reasons to find that

Plaintiff's standing persists and, if it does not, that the voluntary cessation doctrine should apply. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1527 (2020) (Alito, J., dissenting) ("By incorrectly dismissing this case as moot, the Court permits our docket to be manipulated in a way that should not be countenanced.").

These concerns are more pronounced when it comes to First Amendment claims like Ms. Martin's. Free speech rights need "breathing space," which is why litigants are in some situations "permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial predication or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973).

Plaintiff argues that the anti-BDS law, before and after amendment, aims to punish the exercise of free speech rights in support of Palestinians. Ms. Martin plays a significant role in that debate and the chill Georgia imposes impacts her work in a way that gives her a stake in the controversy and relief that the courts can still provide. *See* Dkt. 26 at 25 ("Plaintiff respectfully requests the Court "enter an injunction against Defendants' continuing enforcement" of the anti-BDS law and "declare [the anti-BDS law] unconstitutional and unenforceable statewide."). Such an order would have a direct bearing on Georgia's debate about Israel, and in turn, Ms. Martin.

3

Despite all this, precedent may foreclose this Court from finding standing on Martin's claim for injunctive relief. Plaintiffs respectfully reserve the right to argue for a change of law on appeal before the appropriate court at the appropriate time.

Respectfully submitted,

Lena F. Masri (D.C. # 9777642) ^
 lmasri@cair.com
Gadeir I. Abbas (VA # 81161) *^
 gabbas@cair.com
Justin Sadowsky (D.C. # 1000019) ^
 jsadowsky@cair.com
453 New Jersey Ave., S.E.

Mara Verheyden-Hilliard
(D.C. # 450031) ^
Partnership for Civil Justice Fund
 mvh@justiceonline.org
617 Florida Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 232-1180
Fax: (202) 747-7747

CAIR-GEORGIA
Murtaza Khwaja (Ga. Bar # 750003)
 mkhawaja@cair.com
PO Box 942134
Atlanta, GA 30341
Phone: (404) 419-6390

Washington, D.C. 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

*^ admitted pro hac vice*
*\* Licensed in VA, not in D.C.*
*Practice limited to federal matters.*
*Counsel for Plaintiff Abby Martin*