IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ABBY MARTIN,<br>Los Angeles County, California,<br><br>    Plaintiff,<br><br>v.<br><br>SONNY PERDUE, Chancellor for the Board of Regents of the University System of Georgia, in his Official Capacity; and KYLE MARRERO, President of Georgia Southern University, in his Official Capacity,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-596-MHC |

## ORDER

On July 28, 2020, Plaintiff Abby Martin ("Martin") filed her First Amended Complaint [Doc. 26] alleging that Georgia Senate Bill 327, previously codified as O.C.G.A. § 50-5-85, and which became effective on May 9, 2017, violated the First and Fourteenth Amendments of the United States Constitution by impermissibly infringing upon her rights to freedom of speech, freedom of association, and due process. First Am. Compl. At the time of Martin's lawsuit, O.C.G.A. § 50-5-85 provided, in pertinent part, as follows:

> The state shall not enter into a contract with an individual or company if the contract is related to construction or the provision of services, supplies, or information technology unless the contract includes a written certification that such individual or company is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel.

O.C.G.A. § 50-5-85 (amended July 1, 2022). On July 1, 2022, an amendment to O.C.G.A. § 50-5-85 became effective. Ga. Laws 2022, Act 515, eff. July 1, 2022 (the "Amendment"). As amended, O.C.G.A. § 50-5-85 now states, in pertinent part:

> The state shall not enter into <u>a contract valued at $100,000.00 or more</u> with a <u>company</u> if the contract is related to construction or the provision of services, supplies, or information technology unless the contract includes a written certification that such company is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel.

O.C.G.A. § 50-5-85(b) (emphasis added). In addition, the statute now defines "company" as "any organization, association, corporation, partnership, joint venture, limited partnership, limited liability partnership, limited liability company, or other entity or business association which employs more than five persons but <u>excludes individuals and sole proprietorships</u> . . . ." O.C.G.A. § 50-5-85(a)(2) (emphasis added).

The Amendment effectively repeals the application of the prior challenged statute to all individuals. Consequently, on July 1, 2022, the Court issued an Order

2

directing Martin to demonstrate why this case should not be dismissed for lack of standing. July 1, 2022, Order ("Show Cause Order") [Doc. 72] at 4-6. The Court also observed that the Amendment appeared to render the present controversy moot and ordered Martin to show why this case also should not be dismissed for mootness. Id. Martin responded to the Show Cause Order on July 18, 2022. Response to the Court's Show Cause Order ("Pl.'s Resp.") [Doc. 75].

Article III of the United States Constitution expressly limits federal jurisdiction to "cases and controversies" and does not permit federal courts to issue advisory opinions. Miller v. F.C.C., 66 F.3d 1140, 1145 (11th Cir. 1995) (citing Flast v. Cohen, 392 U.S. 83, 94-96 (1968)). "To have a case or controversy, a litigant must establish that [s]he has standing," United States v. Amodeo, 916 F.3d 967, 971 (11th Cir. 2019), which requires the litigant to show (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The three components form an "irreducible constitutional minimum." Id. at 560.

To establish standing, Martin contends that "given the as-amended law's clear purpose to chill participation in the public debate about Palestine and Israel that Ms. Martin still reports on and participates in, she remains affected by the

3

law." Pl.'s Resp. at 1.  However, Martin fails to indicate how she currently suffers any injury in fact based upon the Amendment; namely, how the potential chilling of speech for companies engaged in contracts with the state of Georgia valued at over $100,000.00 would infringe in any manner upon her First and Fourteenth Amendment rights.  Moreover, Martin fails to explain how granting her requested relief, a declaratory judgment that a now-defunct version of O.C.G.A. § 50-5-85 is unconstitutional, would redress any purported injury.  To the contrary, under the amended version of O.C.G.A. § 50-5-85, Martin may participate "in the public debate about Palestine and Israel" with no identified limitations.

Martin's argument that she may have standing to challenge O.C.G.A. § 50-5-85 based on the predication or assumption that the statute may cause others not to engage in speech also misses the mark.  See id. at 3 (citing Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973)).  In Broadrick, the Supreme Court recognized a limited exception to the traditional rules of standing which allows a plaintiff to bring a First Amendment claim based on an allegedly unconstitutional statute where the challenged statute is facially overbroad.  Broadrick, 413 U.S. at 611-15.  Here, in contrast, Martin has not alleged that O.C.G.A. § 50-5-85 is facially overbroad nor argued that the amended statute in any way burdens her conduct.  In fact, she concedes that "precedent may foreclose this Court from

finding standing on Martin's claim for injunctive relief." Pl.'s Resp. at 4. Accordingly, the Court concludes that Martin's remaining claims for an injunction and declaratory judgment concerning Georgia Senate Bill 327 should be dismissed for lack of standing.

Second, even if Martin had standing, her claims would be dismissed because they are moot. Martin argues that this case is not moot because "the voluntary cessation doctrine ought to apply where the government changed the law in bad faith to avoid adjudication." Id. at 1. See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. Such abandonment is an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice . . . ."). Martin has not pointed to any evidence of bad faith or expectation that Defendants will reinstitute the challenged practice by repealing the Amendment.

In addition, Martin's reliance on the voluntary cessation doctrine to avoid a determination of mootness recently has been rejected under nearly identical circumstances. In Amawi v. Paxton, 956 F.3d 816 (5th Cir. 2020), the Fifth Circuit considered a challenge to a Texas statute which required "No Boycott of

5

Israel" clauses in contracts with the state's government entities and which was later amended to exclude individuals and sole proprietors from the statute's coverage after the district court granted a preliminary injunction in the plaintiffs' favor. Id. at 820-21. The Fifth Circuit remanded the case to the district court with instructions to dismiss the complaints based upon mootness:

> Under the circumstances presented here, it is remote, and indeed unrealistically speculative, that these defendants will ever again expose the plaintiffs to the claimed injury that prompted this lawsuit. The very process of the enactment of [the amendment] by the state legislature and governor, combined with the presumption of good faith that we afford government actors, overcomes concerns of voluntary cessation.

Id. at 821; see also Jordahl v. Brnovich, 789 F. App'x 589, 590 (9th Cir. 2020) (finding that claims for declaratory and injunctive relief were moot where an anti-boycott certification was modified to only apply to companies with ten or more employees and contracts valued at $100,000.00 or more). Because the likelihood of Martin sustaining further injury based upon the now-repealed version of O.C.G.A. § 50-5-85 remains unrealistically speculative, this Court concludes that her claims for declaratory and injunctive relief should also be dismissed as moot.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Abby Martin's remaining claims are **DISMISSED** for lack of standing and for mootness. It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, Declaratory Judgment and Permanent Injunction [Doc. 61], Defendants' Motion

6

for Summary Judgment [Doc. 67], and Defendants' Motion to Dismiss for Mootness [Doc. 71] are **DENIED AS MOOT**.

The Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED** this 20th day of July, 2022.

_____
MARK H. COHEN
United States District Judge